## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Civil Action #:  1:11-CV-10009-RWZ

## SECOND AMENDED COMPLAINT AND JURY DEMAND

-------------------------------------------------------------------------X

Chuan Wang

Plaintiff,

vs.

Martin J. Schroeter, J. Randall MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C. Weber, Jesse J. Greene, Jr., Ranjini Poddar, CDI Corporation, International Business Machines Corp., Artech Information Systems LLC, and John Does 1-20, and Jane Does 1 -20
Defendants.

-------------------------------------------------------------------------X

Plaintiff, Chuan Wang, residing at 2 Kitson Park Drive, Lexington, Middlesex County,

Massachusetts, by way of complaint against the defendants, Martin J. Schroeter, J. Randall

MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C. Weber, Jesse J. Greene, Jr.,

Ranjini Poddar, CDI Corporation, and John Does 1-20, and Jane Does 1 -20,  herein say:

## Parties

1. The plaintiff, Chuan Wang is a resident of Lexington, Middlesex County, Massachusetts, and a citizen of the United States.

2. Defendant, Martin J. Schroeter is Treasurer of International Business Machines Corp. ("IBM"), who has the working office located at 1 New Orchard Road, Armonk, New York 10504.

3. Defendant, J. Randall MacDonald, is Senior Vice President of IBM, who has the working office at 1 New Orchard Road, Armonk, New York 10504.

4. Defendant, Samuel J. Palmisano, is President, Chief Executive Officer, and Chairman of IBM, who has the working office at 1 New Orchard Road, Armonk, New York 10504.

5. Defendant, Mark Loughridge, is Chief Financial Officer and Senior Vice President of IBM, who has the working office at 1 New Orchard Road, Armonk, New York 10504.

6. Defendant, Robert C. Weber, is Senior Vice President of IBM, who has the working office at 1 New Orchard Road, Armonk, New York 10504.

7. Defendant, Jesse J. Greene, Jr., is Senior Vice President of IBM, who has the working office at 1 New Orchard Road, Armonk, New York 10504.

8. Defendant, Ranjini Poddar, is President of Artech Information Systems LLC ("Artech"), who has the working office at 240 Cedar Knolls Road, Suite 100, Cedar Knolls, New Jersey 07927.

9. Defendant, CDI Corporation ("CDI"), has had main business office located at 1717 Arch Street, 35th Floor, Philadelphia, PA 19103.


**Jurisdiction**

10. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.  This action arises under laws of the United States and Massachusetts, including the Fair Labor Standards Act, the Age Discrimination in Employment Act.

11. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332. The plaintiff resides in this district.    Upon information and belief, all defendants are citizens of other than Massachusetts, but all do business in this district.


**Facts**

12. Prior to the commencement of this action, Plaintiff filed complaints against the defendants with Equal Employment Opportunity Commission (on January 13, 2009), Massachusetts Commission Against Discrimination (on March 16, 2009), and Massachusetts Attorney General office since June of 2008.

13. Plaintiff, Chuan Wang, is a 55 year-old Chinese-American and a US citizen.

14. Plaintiff is a Chinese and was born, raised and educated through his undergraduate degree in China.

15. In about February of 2008, Plaintiff was solicited by Artech and IBM for works as Plaintiff received an e-mail dated February 1, 2008 from Vishwadeep Sharma of Artech.

16. On February 22, 2008, Plaintiff was interviewed by a team of IBM for said works. Said work interview for IBM was arranged by Artech.

17. On about February 22, 2008, Artech informed Plaintiff that Plaintiff had the IBM job offer, and forwarded Plaintiff an Employment Agreement proposed by Artech.

18. Plaintiff believed many terms in said Employment Agreement are unlawful and unfair, therefore, unacceptable.

19. Plaintiff was told by Artech that his work was full-time, 8 hours per day, exclusively for IBM. Any overtime must be approved in advance by the supervisor of IBM. Plaintiff would be paid for his overtime work only if it was approved in advance by his supervisor of IBM. Otherwise, overtime work would be deemed as voluntary work without pay.

20. Plaintiff was also told by Artech that he was an exempt employee because his works were computer related. Therefore, he was not entitled to overtime pay rate for overtime work he performed, if any.

21. In February, March, and April of 2008, Plaintiff provided services of more than 158 hours for Artech.

22. From March 11, 2008 to March 28, 2008, Plaintiff performed a full-time service under the direction and control of IBM, and exclusively for IBM.

23. During about said 14 days, from March 11, 2008 to March 28, 2008, although Plaintiff actually spent more than 112 hours to perform his work for IBM, he assumed he was only entitled to

claim the maximum of 8 hours per day, 112 regular hours in total, as he relied on Artech's
representations and the fact that his overtime works were not approved in advance, and
assumed he was an exempt employee.

24. On about March 28, 2008, said Plaintiff's work was terminated by the defendants.

25. Plaintiff has been unemployed since he was discharged from IBM on about March 28, 2008.

26. Plaintiff received no unemployment benefit since April of 2008 as the defendants made no
contribution to unemployment insurance for Plaintiff as required by the laws and the
regulations.

27. Defendants failed to pay Plaintiff for his services.

28. Subsequently, Plaintiff filed complaints against Defendants with the government agencies, and
wrote a demand letter to Defendants for the unpaid wage.

29. Despite Plaintiff repeatedly requests, Defendants refused to pay Plaintiff for his services.

30. After Plaintiff's work for IBM was terminated on March 28, 2008, and up to the end of 2008,
IBM sought hundreds of works that were similar to that performed by Plaintiff for IBM in
March of 2008.

31. As Plaintiff believed he was well qualified to perform said works that were sought by IBM,
Plaintiff made applications repeatedly by submitting his resume to IBM via several
employment agencies.  Among said work applications, Plaintiff were interviewed by IBM
about five times between April and December of 2008.

32. IBM repeatedly rejected each and every work application made by Plaintiff.

33. On about January 13, 2009, Plaintiff filed a complaint of age discrimination with the United
States Equal Employment Opportunity Commission ("EEOC") against Defendants.

34. On about February 12, 2009, Plaintiff filed a complaint against IBM and Artech in
Massachusetts Concord District Court.

35. After his complaints filed in Massachusetts court and EEOC, IBM continued to seek hundreds of works that Plaintiff well qualified and were similar to that were performed by Plaintiff for IBM in March of 2008.

36. On about March 16, 2009, Plaintiff filed a complaint of employment discrimination with Massachusetts Commission Against Discrimination ("MCAD") against Defendants.

37. On about March 16, 2009, Plaintiff filed a complaint of employment retaliation with the Attorney General office against Defendants.

38. Since 2009 after said complaints filed, Plaintiff continued to apply said IBM works by submitting his resume to IBM many times.

39. IBM rejected each and every work application made by Plaintiff since 2009.

40. On June 5, 2009, Massachusetts District Court dismissed said case on ground of improper jurisdiction with prejudice.

41. On about July 23, 2009, Plaintiff filed an appeal in Massachusetts Appeals Court that later ruled that Massachusetts District Court shall dismiss said case without prejudice.

42. On about November 25, 2009, Plaintiff filed a complaint against IBM, Artech, Palmisano, Mark Loughridge, and Ranjini Poddar in Massachusetts Superior Court.

43. Massachusetts Superior Court granted the defendants' motion to dismiss Palmisano, Mark Loughridge, and Ranjini Poddar from said case for lack of personal jurisdiction.

44. The remaining case is pending in Massachusetts Superior Court against IBM and Artech only.


**Count One**

(in violation of the Fair Labor Standards Act against Defendants, Martin J. Schroeter, J. Randall MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C. Weber, Jesse J. Greene, Jr., and Ranjini Poddar)

45. Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

46. Plaintiff provided services of more than 158 hours for Defendants in from February to April of 2008.

47. Under the wage laws, Plaintiff was an employee of Defendants.

48. Under the wage laws, Defendants shall be also deemed to be the employers of Plaintiff.

49. Pursuant to the Fair Labor Standards Act, Defendants are liable to pay Plaintiff for the services he performed for Defendants.

50. Despite Plaintiff repeatedly requested for payment, Defendants willfully failed and refused to pay Plaintiff for said services.

51. Defendants' violation of Massachusetts FLSA was willful.

52. The action of Defendants not paying their employee is in violation of the Fair Labor Standards Act.

53. As a result of the actions of Defendants, Plaintiff had suffered economical injuries.


WHEREFORE, Plaintiff demands judgment against the defendants for remedies available, including damages for loss of wages, loss of benefits, compensatory and liquidated damages, back pay, reinstatement or front pay, costs of the litigation, attorney fees, interest, punitive damage, and such other relief as the Court may deem just.


**Count Two**

(in violation of the Age Discrimination in Employment Act against Defendants, Martin J. Schroeter, J. Randall MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C. Weber, and Jesse J. Greene, Jr.)

54. Plaintiff repeats and realleges the foregoing as though fully set forth below.

55. Plaintiff is 55 year-old and a member of protected group.

56. Under the wage laws, Plaintiff was an employee of Defendants.

57. Under the wage laws, Defendants shall be also deemed to be the employers of Plaintiff.

58. Despite his qualifications, Defendants repeatedly rejected Plaintiff's applications for the works sought by Defendants.

59. A determining factor in the rejection of Plaintiff's applications was his age.

60. Defendants' discriminatory actions against Plaintiff are unlawful and in violation of the Age Discrimination in Employment Act.

61. After similar complaints filed in Massachusetts court, Defendants continued their discriminatory actions against Plaintiff.

62. As a result of the actions of Defendants, Plaintiff has suffered and will continue to suffer economical injuries and emotional distress. Otherwise Plaintiff would perform work and earn his wages.

WHEREFORE, Plaintiff demands judgment against the defendants for remedies available, including compensatory damages for loss of wages, loss of benefits, back pay, reinstatement or front pay, costs of the litigation, attorney fees, interest, punitive damage, and such other relief as the Court may deem just.

**Count Three**

(in violation of Massachusetts Wage Laws, Mass. General Laws, Chapter 149 §27C, §148, §148B, and §150 against Defendants, Martin J. Schroeter, J. Randall MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C. Weber, Jesse J. Greene, Jr., and Ranjini Poddar)

63. Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

64. Plaintiff provided services for Defendants in February, March, and April of 2008.

65. Pursuant to M.G.L. Chapter 149 §148B and or M.G.L. Chapter 151A §2, Plaintiff was an employee of Defendants.

66. Pursuant to M.G.L. Chapter 149 §148, Defendants, Martin J. Schroeter, J. Randall MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C. Weber, Jesse J. Greene, Jr. as the officers of IBM, and Ranjini Poddar as the President of Artech, shall be also deemed to be the employers of Plaintiff.

67. Pursuant to M.G.L. Chap. 149 §148B, Defendants, Martin J. Schroeter, J. Randall MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C. Weber, Jesse J. Greene, Jr. as the officers of IBM, and Ranjini Poddar as the President of Artech, shall be liable for said violations.

68. Despite Plaintiff repeatedly requested for payment, Defendants failed and refused to pay Plaintiff for his services.

69. The action of Defendants not paying their employee is in violation of Massachusetts Wage laws, G.L. Chapter 149 §148.

70. As a result of the actions of Defendants, Plaintiff had suffered economical injuries.

WHEREFORE, Plaintiff demands judgment against the defendants for the following relief based on G.L. Chapter 149 §150:

    A.  Treble damages for loss of wages, loss of benefits, plus interests;

    B.  Treble damages for back pay;

    C.  Costs of the litigation and attorney fees;

    D.  Order defendants to pay a civil penalty under M.G.L. Chapter 149, §27C.

    E.  Other relief as the Court may deem just.

**Count Four**

(in violation of the Fair Labor Standards Act and M.G.L. Chapter 149 §27C and §148A against

Defendants, Martin J. Schroeter, J. Randall MacDonald, Samuel J. Palmisano, Mark Loughridge,

Robert C. Weber, Jesse J. Greene, Jr.,  Ranjini Poddar)

71. Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

72. Under the wage laws, Plaintiff was an employee of Defendants.

73. Under the wage laws, Defendants shall be also deemed to be the employers of Plaintiff.

74. In retaliation against Plaintiff for seeking his rights provided by the Fair Labor Standards Act
   and the Massachusetts Wage laws, Defendants discharged Plaintiff.

75. Defendants' action by discharging Plaintiff for retaliation is in violation of the Fair Labor
   Standards Act and Massachusetts Wage laws, M.G.L. Chapter 149 §27C and §148A.

76. As a result of the actions of Defendants, Plaintiff had suffered economical injuries, emotional
   distress, loss of teeth, and hearing loss.  Otherwise Plaintiff would continue to work and earn
   his wages.


WHEREFORE, Plaintiff demands judgment against the defendants for the following relief based

on M.G.L. Chapter 149 §150 and the Fair Labor Standards Act:

   A.  Reinstatement of the Plaintiff to the same job he had before the retaliatory action or to an
      equivalent job;

   B.  Treble damages for loss of wages and loss of benefits,

   C.  Treble damages for back pay and front pay;

   D.  Order defendants to pay a civil penalty under M.G.L. Chapter 149, §27C.

   E.  Costs of the litigation and attorney fees;

   F.  Punitive damage;

G. Other relief as the Court may deem just.

**Count Five**

(in violation of M.G.L. Chapter 149 Section 148A against Defendants, Martin J. Schroeter, J. Randall MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C. Weber, Jesse J. Greene, Jr.)

77. Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

78. Under the wage laws, Plaintiff was an employee of Defendants.

79. Under the wage laws, Defendants shall be also deemed to be the employers of Plaintiff.

80. To seek his rights provided by M.G.L. Chapter 149, Plaintiff filed the complaints against Defendants for violations of the wage laws in the Attorney General office.

81. Plaintiff submitted his resume many times to IBM, via the employment agency, CDI, to apply works sought by BM since April of 2008.

82. Defendants repeatedly rejected Plaintiff's applications for said works sought by IBM.

83. Motives for Defendants to reject Plaintiff's applications are to retaliate Plaintiff for seeking his rights provided by M.G.L. Chapter 149.

84. Defendants' action of retaliation by refusing to hire Plaintiff is in violation of M.G.L. Chapter 149 section 148A.

85. As a result of the actions of Defendants, Plaintiff has suffered and will continue to suffer economical injuries, emotional distress, loss of teeth, and hearing loss. Otherwise Plaintiff would perform work and earn his wages.

WHEREFORE, Plaintiff demands judgment against the defendants for the following relief based on G.L. Chapter 149 section 150:

A. Treble damages for Back pay,

B. Front Pay;

C. Costs of the litigation and attorney fees;

D. Punitive damage;

E. Other relief as the Court may deem just.

**Count Six**

(in violation of G.L. Chapter 151B Section 4 against Defendants, Martin J. Schroeter, J. Randall MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C. Weber, and Jesse J. Greene, Jr.)

86. Plaintiff repeats and realleges the foregoing as though fully set forth below.

87. Plaintiff is 55 year-old and a member of protected group.

88. Plaintiff is a Chinese, and has a national origin of China.

89. Despite his qualifications, Defendants repeatedly rejected Plaintiff's applications for the works sought by Defendants.

90. A determining factor in the rejection of Plaintiff's applications was his age.

91. A determining factor in the rejection of Plaintiff's applications was his race.

92. A determining factor in the rejection of Plaintiff's applications was his national origin.

93. Defendants' discriminatory actions against Plaintiff are unlawful and in violation of Massachusetts G.L. Chapter 151B section 4.

94. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer economical

   injuries and emotional distress.  Otherwise Plaintiff would perform work and earn his wages.


WHEREFORE, Plaintiff demands judgment against the defendants for the following relief:

A.    Treble damages for Back pay,

B.    Reinstatement or front Pay;

C.    Costs of the litigation;

D.    Attorney fees;

E.    Punitive damage;

H.    Other relief as the Court may deem just.


**Count Seven**

 (under common law of public policy doctrine against Defendants, Martin J. Schroeter, J. Randall

MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C. Weber, and Jesse J. Greene, Jr.)

95. Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

96. Plaintiff filed the complaints against Defendants for violations of M.G.L. Chapter 151B in

   Massachusetts Commission Against Discrimination.

97. Plaintiff filed the complaints against Defendants for violations of the Age Discrimination in

   Employment Act in the United States Equal Employment Opportunity Commission.

98. M.G.L. Chapter151B, and ADEA are established public policies.

99. If employers can discriminate prospective employee based on his/her age, race, and or national

   origin specified by M.G.L. Chapter 151B and ADEA, without incurring legal liability, these

   public policies will be jeopardized.

100.    Despite his qualifications, Defendants repeatedly rejected Plaintiff's applications for works
        sought by Defendants.

101.    One of motives for Defendants to reject Plaintiff's applications was his age.

102.    One of motives for Defendants to reject Plaintiff's applications was his race.

103.    One of motives for Defendants to reject Plaintiff's applications was his national origin.

104.    After similar complaints filed in Massachusetts court, Defendants continued their
        discriminatory actions against Plaintiff.

105.    As a result of the actions of Defendants, Plaintiff has suffered and continues to suffer
        economical injuries, emotional distress, loss of teeth, and hearing loss.  Otherwise Plaintiff
        would perform work and earn his wages.


WHEREFORE, Plaintiff demands judgment against the defendants for remedies available,

including damages for loss of wages, loss of benefits, compensatory and liquidated damages, back

pay, reinstatement or front pay, costs of the litigation, attorney fees, interest, punitive damage, and

such other relief as the Court may deem just.


**Count Eight**

(Negligence against Martin J. Schroeter, J. Randall MacDonald, Samuel J. Palmisano, Mark

Loughridge, Robert C. Weber, Jesse J. Greene, Jr., and Ranjini Poddar)

106.    Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

107.    Plaintiff performed work for Defendants.

108.    Defendants owed plaintiff a duty, imposed by of the Fair Labor Standards Act and
        Massachusetts Wage laws, to pay plaintiff for his work timely.

109.    Defendants breached their duty to plaintiff when they refused and failed to pay plaintiff despite plaintiff requested defendants to do so.

110.    Defendant's breach caused plaintiff to suffer economical damages.


WHEREFORE, Plaintiff demands judgment against the defendants for remedies available, including treble damages for loss of wages, loss of benefits, costs of the litigation, attorney fees, interest, and such other relief as the Court may deem just.


**Count Nine**

(under common law of public policy doctrine against Martin J. Schroeter, J. Randall MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C. Weber, and Jesse J. Greene, Jr.)

111.    Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

112.    Plaintiff filed the complaints against Defendants for violations of Massachusetts Wage Laws and the Fair Labor Standards Act in the government agencies.

113.    Massachusetts Wage Laws and the Fair Labor Standards Act are established public policies.

114.    If employers can fire employee for seeking his/her right provided by Massachusetts Wage Laws and the Fair Labor Standards Act, without incurring legal liability, this public policy will be jeopardized.

115.    Despite his qualifications, Defendants repeatedly rejected Plaintiff's applications for works sought by Defendants.

116.    One of motives for Defendants to reject Plaintiff's applications is to retaliate Plaintiff for seeking his rights provided by Massachusetts Wage Laws and the Fair Labor Standards Act.

117.  As a result of Defendants, actions, Plaintiff has suffered and continues to suffer economical

injuries and emotional distress.  Otherwise Plaintiff would perform work and earn his wages.

WHEREFORE, Plaintiff demands judgment against the defendants for the following relief based

on the common laws:

A.  Treble damages for loss of wages and benefits;

B.  Treble damages for back pay;

C.  Front Pay;

D.  Costs of the litigation;

E.  Attorney fees;

F.  Punitive damage;

G.  Other relief as the Court may deem just.

**Count Ten**

(Negligence against CDI)

118.  Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

119.  CDI solicited Plaintiff for work on behalf of IBM by repeatedly arranging Plaintiff for work

interviews by IBM.

120.  CDI was an employer of Plaintiff, and owed Plaintiff a duty, under the Federal and State

employment laws, for Plaintiff not to be injured during employment engagement.

121.  CDI breached its duty to Plaintiff as IBM repeatedly rejected Plaintiff's work applications

to retaliate Plaintiff for seeking his rights provided by the Fair Labor Standards Act, the Age

Discrimination in Employment Act, and Massachusetts Employment Laws.

122.  CDI's breach caused plaintiff to suffer economical damages, including loss of income.

WHEREFORE, Plaintiff demands judgment against Defendant, CDI Corporation for remedies available, including damages for loss of wages, loss of benefits, costs of the litigation, interest, and such other relief as the Court may deem just.

**Count Eleven**

(in violation of Federal and Massachusetts Wage Laws against CDI)

123.    Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

124.    Plaintiff performed services for CDI between April and December of 2008.

125.    CDI failed to pay Plaintiff for his services.

126.    CDI's act is in violation of Federal and Massachusetts Wage laws.

127.    As a result of the actions of CDI, Plaintiff had suffered economical injuries.

WHEREFORE, Plaintiff demands judgment against Defendant, CDI Corporation for remedies available, including damages for loss of wages, loss of benefits, costs of the litigation, interest, and such other relief as the Court may deem just.

**Count Twelve**

(in violation of Massachusetts Wage Laws, Mass. General Laws Chapter 151 §1A and Chapter 149 §27C, against Defendants, Martin J. Schroeter, J. Randall MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C. Weber, Jesse J. Greene, Jr., and Ranjini Poddar)

128.    Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

129.    Plaintiff provided services for Defendants in February, March, and April of 2008.

130.    Under the wage laws, Plaintiff was an employee of Defendants.

131.    Under the wage laws, Defendants shall be also deemed to be the employers of Plaintiff.

132.    Defendants intentionally misled Plaintiff that he was not entitled to be paid for his overtime work when overtime works were not approved in advance by his supervisor of IBM.

133.    Defendants also intentionally misled Plaintiff that he was an exempt employee so that he was not entitled for overtime rate for his overtime work.

134.    Defendants failed to pay Plaintiff for his overtime service performed and pay said works at one and one half times the regular rate.

135.    Said failure is in violation of Massachusetts Wage Laws.

136.    Defendants' violation is willful.

137.    As a result of the actions of Defendants, Plaintiff had suffered economical injuries and emotional distress.


WHEREFORE, Plaintiff demands judgment against the defendants for the following relief:

    A.  Treble damages for loss of benefits, plus interests;

    B.  Costs of the litigation and attorney fees;

    C.  Order defendants to pay a civil penalty under M.G.L. Chapter 149, Section 27C.

    D.  Other relief as the Court may deem just.


**Count Thirteen**

(in violation of Federal Wage Laws, Fair Labor Standards Act against Defendants, Martin J. Schroeter, J. Randall MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C. Weber, Jesse J. Greene, Jr., and Ranjini Poddar)

138.    Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

139.    Plaintiff provided services for Defendants in February, March, and April of 2008.

140.    Under the wage laws, Plaintiff was an employee of Defendants.

141.    Under the wage laws, Defendants shall be also deemed to be the employers of Plaintiff.

142.    Defendants failed to pay Plaintiff for his overtime hours at one and one half times the regular rate for his overtime service performed.

143.    Said failure is in violation of Federal Wage Laws.

144.    Defendants' violation is willful.

145.    As a result of the actions of Defendants, Plaintiff had suffered economical injuries and emotional distress.


WHEREFORE, Plaintiff demands judgment against the defendants for the following relief:

    A.  Treble damages for loss of benefits, plus interests;

    B.  Costs of the litigation and attorney fees;

    C.  Other relief as the Court may deem just.


**Count Fourteen**

(in violation of Massachusetts Wage and Tax Laws, Mass. General Laws Chapter 62B §2, against Defendants, Martin J. Schroeter, J. Randall MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C. Weber, Jesse J. Greene, Jr., and Ranjini Poddar)

146.    Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

147.    Plaintiff provided services for Defendants in February, March, and April of 2008.

148.    Under the wage laws, Plaintiff was an employee of Defendants.

149.    Under the wage laws, Defendants shall be also deemed to be the employers of Plaintiff.

150.    For said services performed by Plaintiff, Defendants failed to withhold Massachusetts State income taxes.

151. The action of Defendants is in violation of Massachusetts laws, Mass. General Laws Chapter 62B §2.

152. As a result of the actions of Defendants, Plaintiff had suffered economical injuries.


WHEREFORE, Plaintiff demands judgment against the defendants for the following relief:

    A. Treble damages for loss of benefits, plus interests;

    B. Costs of the litigation and attorney fees;

    C. Order defendants to pay a civil penalty under M.G.L. Chapter 149, Section 27C.

    D. Other relief as the Court may deem just.


**Count Fifteen**

(in violation of Massachusetts Laws, Mass. General Laws Chapter 151A, §14, against Defendants, Martin J. Schroeter, J. Randall MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C. Weber, Jesse J. Greene, Jr., and Ranjini Poddar)

153. Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

154. Plaintiff provided services for Defendants in February, March, and April of 2008.

155. Under the wage laws, Plaintiff was an employee of Defendants.

156. Under the wage laws, Defendants shall be also deemed to be the employers of Plaintiff.

157. For said services performed by Plaintiff, Defendants failed to pay employee unemployment insurance.

158. The action of Defendants is in violation of Massachusetts laws, Mass. General Laws Chapter 151A, §14.

159. As a result of the actions of Defendants, Plaintiff had suffered economical injuries.

WHEREFORE, Plaintiff demands judgment against the defendants for the following relief:

    A. Treble damages for loss of benefits, plus interests;

    B. Costs of the litigation and attorney fees;

    C. Order defendants to pay a civil penalty under M.G.L. Chapter 149, Section 27C.

    D. Other relief as the Court may deem just.

**Count Sixteen**

(in violation of Massachusetts Laws, Mass. General Laws Chapter 152, §25A  against Defendants,

Martin J. Schroeter, J. Randall MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C.

Weber, Jesse J. Greene, Jr.,  and Ranjini Poddar)

160.    Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

161.    Plaintiff provided services for Defendants in February, March, and April of 2008.

162.    Under the wage laws, Plaintiff was an employee of Defendants.

163.    Under the wage laws, Defendants shall be also deemed to be the employers of Plaintiff.

164.    For said services performed by Plaintiff, Defendants failed to pay employee workers
      compensation.

165.    The action of Defendants is in violation of Massachusetts laws, Mass. General Laws
      Chapter 152, §25A.

166.    As a result of the actions of Defendants, Plaintiff had suffered economical injuries.

WHEREFORE, Plaintiff demands judgment against the defendants for the following relief:

    A. Treble damages for loss of benefits, plus interests;

    B. Costs of the litigation and attorney fees;

    C. Order defendants to pay a civil penalty under M.G.L. Chapter 149, Section 27C.

D.  Other relief as the Court may deem just.

**Count Seventeen**

(in violation of  Federal Laws, 26 U.S.C. § 3102 (2006),  against Defendants, Martin J. Schroeter,

J. Randall MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C. Weber, Jesse J. Greene,

Jr.,  and Ranjini Poddar)

167.    Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

168.    Plaintiff provided services for Defendants in February, March, and April of 2008.

169.    Under the wage laws, Plaintiff was an employee of Defendants.

170.    Under the wage laws, Defendants shall be also deemed to be the employers of Plaintiff.

171.    For said services performed by Plaintiff, Defendants failed to withhold Federal income

taxes, and pay Social Security and Medicare contributions; and other tax and employment

related obligations for him.

172.    The action of Defendants is in violation of Federal Laws, 26 U.S.C. § 3102 (2006).

173.    As a result of the actions of Defendants, Plaintiff had suffered economical injuries.

WHEREFORE, Plaintiff demands judgment against the defendants for the following relief:

A.  Treble damages for loss of benefits, plus interests;

B.  Costs of the litigation and attorney fees;

C.  Other relief as the Court may deem just.

**Count Eighteen**

(in violation of the Age Discrimination in Employment Act against Defendants, Martin J.

Schroeter, J. Randall MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C. Weber, and

Jesse J. Greene, Jr.)

174.    Plaintiff repeats and realleges the foregoing as though fully set forth below.

175.    Plaintiff is 55 year-old and a member of protected group.

176.    Plaintiff is a Chinese, and has a national origin of China.

177.    Despite his qualifications, Defendants repeatedly rejected Plaintiff's applications for the

        works sought by Defendants.

178.    A determining factor in the rejection of Plaintiff's applications was his age.

179.    A determining factor in the rejection of Plaintiff's applications was his race.

180.    A determining factor in the rejection of Plaintiff's applications was his national origin.

181.    Defendants' discriminatory actions against Plaintiff are unlawful and in violation of the

        Age Discrimination in Employment Act.

182.    After similar complaints filed in Massachusetts court, Defendants continued their

        discriminatory actions against Plaintiff.

183.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer

        economical injuries and emotional distress. Otherwise Plaintiff would perform work and earn

        his wages.


WHEREFORE, Plaintiff demands judgment against the defendants for the following relief:

A.      Treble damages for Back pay,

B.      Reinstatement or front Pay;

C.      Costs of the litigation;

D.      Attorney fees;

E.      Punitive damage;

H.      Other relief as the Court may deem just.


**Count Nineteen**

(in violation of the Fair Labor Standards Act against Defendants, Martin J. Schroeter, J. Randall

MacDonald, Samuel J. Palmisano, Mark Loughridge, Robert C. Weber, Jesse J. Greene, Jr.)

184.    Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

185.    Under the wage laws, Plaintiff was an employee of Defendants.

186.    Under the wage laws, Defendants shall be also deemed to be the employers of Plaintiff.

187.    To seek his rights provided by the Fair Labor Standards Act, Plaintiff filed the complaints

        against Defendants for violations of the wage laws in the Attorney General office.

188.    Plaintiff submitted his resume many times to IBM via employment agencies to apply works

        sought by BM.

189.    Defendants repeatedly rejected Plaintiff's applications for said works sought by IBM.

190.    Motives for Defendants to reject Plaintiff's applications are to retaliate Plaintiff for seeking

        his rights provided by the Fair Labor Standards Act.

191.    Defendants' action of retaliation by refusing to hire Plaintiff is in violation of the Fair

        Labor Standards Act.

192.    After similar complaints filed in Massachusetts court, Defendants continued their

        retaliationary actions against Plaintiff.

193.    As a result of the actions of Defendants, Plaintiff has suffered and will continue to suffer

        economical injuries, emotional distress, loss of teeth, and hearing loss.  Otherwise Plaintiff

        would perform work and earn his wages.

WHEREFORE, Plaintiff demands judgment against the defendants for the following relief based on the Fair Labor Standards Act:

    A. Treble damages for Back pay,

    B. Front Pay;

    C. Costs of the litigation and attorney fees;

    D. Punitive damage;

    E. Other relief as the Court may deem just.


194.    Plaintiff requests a trial by jury on any and all matters so triable.


Respectfully submitted,


Chuan Wang
Plaintiff, Pro Se
2 Kitson Park Drive
Lexington, MA 02421
781-836-4878
chuanwang@yahoo.com

Dated:  April 26 29, 2011

## Certificate of Service

This hereby certifies that on this 26th day of April 2011, a copy of the foregoing document was served on the counsels of the defendants via electronic mail:

Timothy Pomarole
Peabody & Arnold LLP
600 Atlantic Avenue
Boston, MA 02210
tpomarole@peabodyarnold.com

Timothy K. Cutler
CUTLER P.C.
77 Franklin Street, Suite 200
Boston, MA 02110
info@cutlerlegal.com

Chuan Wang
Plaintiff