UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHUAN WANG,<br>         Plaintiff<br><br>v.<br><br>MARTIN J. SCHROETER, J. RANDALL MACDONALD, SAMUEL J. PALMISANO, MARK LOUGHRIDGE, ROBERT C. WEBER, JESSE J. GREENE, JR., RANJINI PODDAR, CDI CORPORATION AND JOHN DOES 1-20, AND JANE DOES 1-20,<br>         Defendant | CIVIL ACTION NO. 1:11-cv-10009-RWZ |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE SECOND AMENDED COMPLAINT**

**I.   INTRODUCTION**

    J. Randall MacDonald and Mark Loughridge respectfully ask this Court to strike the plaintiff's Second Amended Complaint on the ground that the plaintiff failed to seek leave of court before filing that pleading, as required by Federal Rule of Civil Procedure 15(a)(2).  As was the case with his First Amended Complaint, the plaintiff appears to have filed this most recent amendment in an unavailing effort to vitiate the arguments made by the defendants in their motions to dismiss.[1]  A complaint should not be a moving target, and this Court's docket should not be congested with the plaintiff's repeated attempts to wrest his claims from dismissal.

---

[1] This Second Amended Complaint marks the seventh in a series of complaints filed by the plaintiff against International Business Machines, Corporation, Artech Information Systems, LLC, and/or various corporate officers of these companies.  The litigation by the plaintiff started with two complaints in Concord District Court, followed by two complaints in Middlesex Superior Court, and now three complaints in this Court.

## II. BACKGROUND

On February 12, 2009, the plaintiff filed a complaint in Concord District Court against International Business Machines Corporation ("IBM") and Artech Information Systems, LLC ("Artech"). (Concord District Court, Civil Action No. 2009-47-cv-000100). The Complaint was amended on March 18, 2009. After the action in Concord District Court was dismissed because the plaintiff's demand for relief exceeded the jurisdictional threshold for district court actions, the plaintiff filed an action in Middlesex Superior Court on November 25, 2009, against IBM, Artech, Samuel Palmisano, Mark Loughridge, and Ranjini Poddar. On January 21, 2010, the plaintiff amended his Complaint.

On January 4, 2011, after the Middlesex Superior Court had dismissed Palmisano, Loughridge, and Poddar, the plaintiff filed a complaint in this Court. After defendants CDI and MacDonald moved to dismiss the Complaint, the plaintiff filed an Amended Complaint (on March 29, 2011). After defendants MacDonald and Loughridge moved to dismiss the Amended Complaint, the plaintiff filed a Second Amended Complaint. He received neither the written consent of defendants, nor leave from the Court, to file this Second Amended Complaint.

## III. ARGUMENT

Mr. Wang's Second Amended Complaint should be struck as he had not sought leave to file the Second Amended Complaint, as required by Federal Rule of Civil Procedure 15(a)(2).

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleadings once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleadings only with opposing parties' written consent or by leave of Court. Fed. R. Civ. P. 15(a)(2). A second amended complaint filed without leave of the Court may be struck.

See, e.g., Davis v. Correctional Medical Services, __ F.Supp.2d ___, 2011 WL 11902, at * 3 (D. Del. 2011) (striking complaint filed without leave of court); Kastner v. Intrust Bank, 2011 WL 721483, at *1 (D. Kan 2011) (striking amended complaint that was filed outside Rule 15(a)(1) time frame); Stanich v. Hissong Group, Inc., 2011 WL 1560650, at * 5 (S.D. Ohio 2009) (striking amended complaint filed without leave of court); cf. also Colbert v. City of Philadelphia, 931 F.Supp. 389, 393 (E.D. Penn. 1996) (because second amended complaint was filed without leave of the Court, it was deemed a nullity that the Court would not consider).

Neither clarity nor judicial economy are well-served by the plaintiff's serial amendments. Because the plaintiff's Second Amended Complaint was not filed with the leave of the Court, it should be struck.

**IV.   CONCLUSION**

For the foregoing reasons, defendants J. Randall MacDonald and Mark Loughridge respectfully ask this Court to strike the plaintiff's Second Amended Complaint.

Respectfully submitted,

J. RANDALL MACDONALD & MARK LOUGHRIDGE,

By their attorneys,

*/s/ Timothy M. Pomarole*
Philip M. Cronin, BBO #106060
pcronin@peabodyarnold.com
Timothy M. Pomarole, BBO #660827
tpomarole@peabodyarnold.com
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261

## CERTIFICATE OF SERVICE

I, Timothy M. Pomarole, hereby certify that on this 6th day of May, 2011, I served the foregoing aforementioned document by causing a copy thereof to be sent electronically to the registered participants in this case, as identified in the Notice of Electronic Filing (NEF).

I have also sent a copy via regular mail to the plaintiff, who is proceeding *pro se*, at:

Chuan Wang
2 Kitson Park Drive
Lexington, MA 02421

*/s/ Timothy M. Pomarole*
Timothy M. Pomarole

PABOS2:TPOMARO:743687_1
15214-93619