UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHUAN WANG,<br>    Plaintiff<br><br>v.<br><br>MARTIN J. SCHROETER, J. RANDALL MACDONALD, SAMUEL J. PALMISANO, MARK LOUGHRIDGE, ROBERT C. WEBER, JESSE J. GREENE, JR., RANJINI PODDAR, CDI CORPORATION AND JOHN DOES 1-20, AND JANE DOES 1-20,<br>    Defendant | CIVIL ACTION NO. 1:11-cv-10009-RWZ |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS AGAINST RANJINI PODDAR**

**I. INTRODUCTION**

Ranjini Poddar ("Poddar") respectfully asks this Court to dismiss all claims against her. All of the claims against her should be dismissed because the plaintiff has not met his burden of establishing personal jurisdiction over her, and because this action is duplicative of a pending action in Middlesex Superior Court and thus constitutes improper claim-splitting. Counts 1-2, 4-9, and 12-19 should be dismissed because they fail to state claims against Poddar upon which relief may be granted.

For the same reasons articulated in the Memorandum of Law submitted by J. Randall MacDonald, which Poddar hereby joins, the plaintiff's claims against Poddar appear to be entirely predicated on her status as an officer of Artech and not based on any actual contact with this forum. Accordingly, the plaintiff has failed to meet his burden of establishing personal jurisdiction. Moreover, the plaintiff's claims in this action arise from the same transactions at

issue in pending litigation against IBM and Artech. Because the plaintiff is impermissibly splitting his claims between this case and the pending state court action, this case must be dismissed. Finally, Counts 1-2, 4-9, and 12-17 should be dismissed because they fail to state claims against Poddar upon which relief may be granted.

## II. BACKGROUND

### A. Overview

The plaintiff's Amended Complaint is a repackaged version of a pending action in Middlesex Superior Court. (Chuan Wang v. Artech, et. als., Middlesex Superior Court Civil Action No. 09-4616). In that action, the plaintiff claims, *inter alia*, that International Business Machines, Corp. ("IBM") and Artech Information Systems, LLC ("Artech") wrongfully discharged him and failed to pay him for his services. He also alleges that IBM declined to hire him for subsequent projects in retaliation against him and/or because of discrimination based on age, race, or national origin. The plaintiff also asserted claims against: 1) Samuel Palmisano, the President and CEO of IBM; 2) Mark Loughridge, the CFO of IBM; and 3) Ranjini Poddar, the President of Artech. The claims against these three individual defendants were dismissed for lack of personal jurisdiction and failure to effect service of process.

In this action, the plaintiff reasserts his claims against Palmisano, Loughridge, and Poddar, and names four additional IBM corporate officers. He also purports to assert several additional claims, such as failure to withhold taxes, which are based on the alleged employment relationship at issue in the Middlesex Superior Court action. Most of the claims are identical to the claims asserted in the Middlesex Superior Court action against IBM and Artech. All of the claims arise from the same transactions and relationships and could have been asserted in the Middlesex Superior Court action.

2

The plaintiff does not allege any personal action undertaken by any of the individual defendants. The claims against the Poddar are solely predicated on her status as an Artech corporate officer.

**B.     The Middlesex Superior Court Action**

The litigation by the plaintiff first began in Concord District Court as an action against two corporate defendants, Artech and IBM. (Chuan Wang v. Artech, et. al., Concord District Court, Civil Action No. 2009-47-CV-000100).[1] That case was dismissed because Mr. Wang's demand exceeded the jurisdictional threshold set forth in G.L. c. 218, § 19A for district court actions.[2] Wang v. International Business Machines Corp., 76 Mass. App. Ct. 1123 (2010) (unpublished pursuant to Rule 1:28).

On November 25, 2009, Mr. Wang re-filed the action in Middlesex Superior Court. On January 21, 2010, Mr. Wang amended his Complaint to include claims against three individual defendants: Ranjini Poddar (President of Artech); Samuel Palmisano (President of IBM); and Mark Loughridge (Chief Financial Officer of IBM).

The Amended Complaint does not contain factual allegations describing any specific conduct on the part of Messrs. Poddar, Palmisano, or Loughridge. The plaintiff sought to join

---

[1] This Court may take judicial notice of the pleadings in the other cases. McLarnon v. City of Malden, 2007 WL 2159364, at *2 n.2 (D. Mass. 2007) (Zobel, J.).

[2] Because the judgment did not expressly state that the dismissal was without prejudice, Mr. Wang appealed the judgment's failure to indicate that the dismissal was without prejudice. The defendants took no position on this appeal, and Mr. Wang secured a ruling from the Appeals Court that the district court docket was to indicate dismissal without prejudice. Wang v. International Business Machines Corp., 76 Mass. App. Ct. 1123 (2010) (unpublished pursuant to Rule 1:28)

them as defendants on the basis of Massachusetts General Laws, Chapter 149, §§ 148 & 148B, which state that certain corporate officers will be deemed "employers" for purposes of those sections.

On September 30, 2010, the Superior Court granted the defendants' motion to dismiss the individual defendants, Poddar, Palmisano, and Loughridge, on the grounds of defective service of process and lack of personal jurisdiction. (Chuan Wang v. Artech, et. als., Middlesex Superior Court Civil Action No. 09-4616, Docket Entry No. 28).

### B.  This Case

The plaintiff filed this action on January 4, 2011. In his original complaint, the plaintiff reasserted his claims from the Middlesex Superior Court action against Palmisano, Loughridge, and Poddar; and named four additional IBM corporate officers. In his Amended Complaint, he adds several additional counts, including claims alleging IBM's failure to withhold state and federal taxes and failure to make workers' compensation contributions.

As was the case in the Middlesex Superior Court action, the plaintiff is evidently purporting to ground the liability of the individual defendants on Massachusetts General Laws, Chapter 149, §§ 148 & 148B. The plaintiff does not allege any conduct by Poddar or any of the other individual defendants.

### C.  The Claims Asserted in This Case Are Duplicative of Those Asserted in Middlesex Superior Court Action.

The gravemen of both actions is the same: the plaintiff alleges that 1) he worked for IBM and Artech; 2) he was discharged because he exercised his rights under the wage laws; 3) he was not paid for his services and did not receive certain benefits to which he was entitled; and 3) he was not hired for subsequent positions with IBM because of retaliation for the exercise of his rights under the wage laws, or because of age, race, or national origin discrimination.

As the chart on the following page demonstrates, most of the claims asserted in this action mirror the claims asserted in the Middlesex Superior Court case.

| Middlesex Complaint – Count One | M.G.L. c. 149 | Failure to Pay Wages |
| --- | --- | --- |
| Amended Federal Complaint – Count Three | M.G.L. c. 149 | |
| Middlesex Complaint – Count Two | M.G.L. c. 149 | Retaliatory Discharge |
| Amended Federal Complaint – Count Four | M.G.L. c. 149 and FLSA | |
| Middlesex Complaint – Count Three | M.G.L. c. 149 | Retaliatory Failure-to-Hire |
| Amended Federal Complaint – Counts Five & Nineteen | M.G.L. c. 149 and FLSA | |
| Middlesex Complaint – Count Five | Negligence | Failure to Pay Wages |
| Amended Federal Complaint – Count Eight | Negligence | |
| Middlesex Complaint – Count Seven | Public Policy Doctrine | Retaliatory Discharge and Failure-to-Hire |
| Amended Federal Complaint – Count Nine | Public Policy Doctrine | |
| Middlesex Complaint – Count Eight | FLSA | Failure to Pay Wages |
| Amended Federal Complaint – Count One | FLSA | |
| Middlesex Complaint – Count Nine | M.G.L. c. 151B | Discrimination |
| Amended Federal Complaint – Count Six | M.G.L. c. 151B and ADEA | |
| Middlesex Complaint – Count Ten | ADEA | Age Discrimination |
| Amended Federal Complaint – Counts Two & Eighteen | ADEA | |

| Middlesex Complaint –Count Eleven | Public Policy Doctrine | Discrimination |
| --- | --- | --- |
| Amended Federal Complaint – Count Seven | Public Policy Doctrine | |

As the chart above demonstrates, most of the claims in this case against the corporate officers of IBM and Artech are in substance the same as those asserted against IBM and Artech in the Middlesex Superior Court action. The remaining counts against Poddar and the other individual defendants, Counts 12-17, are based on the alleged failure of IBM or Artech to meet their obligations as Mr. Wang's alleged employers and are therefore derived from the transactions and relationships at issue in the Middlesex Superior Court case.

## III. ARGUMENT

### 1. The Plaintiff Has Failed To Establish Personal Jurisdiction Over Poddar

The claims against Poddar must be dismissed for lack of personal jurisdiction. The plaintiff does not allege any personal conduct by defendant Poddar and seeks to hold her (and the other individual defendants) liable merely because she is a corporate officer. Neither Poddar's status as a corporate officer of Artech, nor the plaintiff's conclusory assertion that the defendants "all do business in this district," (Amended Complaint, ¶ 11) is sufficient to establish personal jurisdiction under Massachusetts law.

To survive a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff has the burden of proving that jurisdiction lies with the court. Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir.1998) (citing cases). In particular, the plaintiff must show that the Massachusetts long-arm statute grants jurisdiction and that the exercise of jurisdiction is consistent with the Due Process clause of the United States Constitution. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 52

(1st Cir.2002). To meet this burden, the plaintiff "must go beyond the pleadings and make affirmative proof" of material jurisdictional facts. Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir.1992) (citations omitted).

A court may exercise either general or specific personal jurisdiction over an out-of-state defendant. Angela Adams Licensing, LCC v. Dynamic Rugs, Inc., 463 F.Supp.2d 82, 84 (D.Me.2006). General jurisdiction exists when the defendant has engaged in "continuous and systematic activity," unrelated to the suit, in the forum state. Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir.1994). Specific jurisdiction exists where the plaintiff's cause of action arises from or relates to the defendant's contacts with the forum state. Id.

Poddar's status as an Artech corporate officer is not a basis for personal jurisdiction because "it is axiomatic that jurisdiction over the individual officers of a corporation may not be based on jurisdiction over the corporation." M-R Logistics, LLC v. Riverside Rail, LLC, 537 F.Supp.2d 269, 279 (D. Mass. 2008). To establish jurisdiction over corporate officers, the standard is not whether the corporation undertook actions directed toward the forum, but rather whether the corporate officers were "primary participants in the alleged wrongdoing intentionally directed at the forum" La Vallee v. Parrot-Ice Drink Products of America, Inc., 193 F.Supp.2d 296, 301 (D. Mass. 2002). "This necessarily entails an inquiry, under general principles of agency law, of whether an officer or employee derived personal benefit from [] contact in Massachusetts and/or acted beyond the scope of their employment." Id. at 302; see also M-R Logistics, 537 F.Supp.2d at 280 (granting motion to dismiss based on lack of personal jurisdiction because, *inter alia*, there was no evidence that defendants "gained any personal benefit from the alleged breach of contract or acted outside the scope of his or her

7

employment").[3] The plaintiff has not alleged that Poddar acted as a primary participant in any wrongdoing, that she personally benefited from any contact with this forum, or that she had acted outside the scope of her employment. Accordingly, any attempt to ground personal jurisdiction on Poddar's status as a corporate officer is wholly unavailing.

Nor is the plaintiff's conclusory, vague, and unsupported assertion that the defendants conduct business in this district enough to justify the exercise of personal jurisdiction over defendant Poddar. This allegation is wholly insufficient to establish that defendant Poddar engaged in the sort of "continuous and systematic activity," Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir.1994), in Massachusetts necessary to support general jurisdiction over her.

Accordingly, the plaintiff cannot meet his burden of establishing personal jurisdiction and the claims against Poddar must be dismissed.

## 2. The Claims Against Poddar Must Be Dismissed Because They Constitute Impermissible Claim-Splitting.

The claims against Poddar must be dismissed because this action is an improper effort at claim-splitting by the plaintiff. All of the counts are based on the same alleged employment relationship at issue in the pending Middlesex Superior Court Superior Court action, and all of the claims against her could have been, and many in fact were, asserted in that pending action. Indeed, most of the causes of action asserted in this case are exactly the same as those asserted in

---

[3] The plaintiff has suggested in the Middlesex Superior Court action that there is personal jurisdiction over the individual defendants merely because they are allegedly liable under the Massachusetts Wage Statute. There is no support for the proposition that a Court may properly exercise personal jurisdiction over an individual merely because he or she may be liable under a statute. What is required instead is actual, meaningful contact with the forum sufficient to meet the requirements of the Long-Arm Statute and constitutional due process.

the prior action. Moreover, Poddar is a defendant in both cases. Evidently disappointed that his claims against Palmisano, Loughridge, and Poddar were dismissed in the state action, the plaintiff now seeks to try his luck in this Court, not only re-asserting claims against Palmisano, Loughridge, and Poddar, but against additional IBM corporate officers as well.[4]

A case will be dismissed if the action constitutes claim-splitting by the plaintiff. Fernandes v. Quarry Hills Associates, 2010 WL 5439785, at * 10 (D. Mass. Dec. 28, 2010) (Dein, MJ). The rule against claim splitting "prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action." Myers v. Colgate-Palmolive Co., 102 F.Supp.2d 1208, 1224 (D.Kan.2000) (internal citation omitted). Like *res judicata*, "[c]laim splitting bars claims that existed at the time a party filed its previous suit." Eight Arlington St., LLC v. Arlington Land Acquisition-99, LLC, 22 Mass. L. Rptr. 733, 2007 WL 2367753, at *9 (Mass. Ct. 2007) (Van Gestel, J.). The purpose of the rule is to "requir[e] a plaintiff to address all related claims in one action and protect[ ] the defendant from the necessity of litigating similar claims in separate actions." Oxbow Energy, Inc. v. Koch Indus., Inc., 686 F.Supp. 278, 282 (D. Kan. 1988). Additionally, the prohibition on claim splitting, like *res judicata*, serves to conserve judicial resources, prevent inconsistent decisions and encourage reliance on judicial decisions. Fernandes, 2010 WL 5439785, at * 10.

Claim splitting is distinct from the doctrine of *res judicata* because it precludes a party from splitting his causes of action and filing a second lawsuit based on the same wrong "even

---

[4] Counts 12-17, which assert purported claims such as IBM's failure to withhold state and federal taxes are a transparent effort to circumvent the claim-splitting argument articulated in defendant MacDonald's motion to dismiss the original complaint. The standard, however, for claim-splitting is not whether the claims are identical, but whether they are transactionally related to the claims in the earlier action. Counts 12-17, which all assert various alleged failures by IBM to

absent final judgment" in the earlier action. Oxbow Energy, Inc., 686 F.Supp. at 282. The scope of the prohibition against claim-splitting has been described this way:

> If a claim is both transactionally related to one which is the subject of a pending lawsuit and was in existence at the time the first lawsuit was filed, then, for all the same policy reasons that underlie the doctrine of claim preclusion, it is incumbent on the plaintiff either to 1) include the second claim in the original complaint, or 2) bring the second claim into the first action by a motion to amend filed early enough to be allowed without undue disruption of the existing case.

Kucharski v. Tribeca Lending Corp., 620 F.Supp.2d 147, 151 (D. Mass. 2009) (quoting Integrated Techs. Ltd. v. BioChem Immunosystems, (U.S.) Inc., 2 F.Supp.2d 97, 102-03 (D.Mass.1998)).

Even a cursory comparison of the Amended Superior Court complaint and the Amended Complaint in this case demonstrates that this action constitutes impermissible claim-splitting.

- <u>They involve exactly the same facts and circumstances</u>

Each complaint pertains to 1) the plaintiff's alleged employment by IBM and Artech; 2) his alleged discharge; 3) IBM's alleged failure to meet its requirements as the plaintiff's employer; and 4) IBM's alleged failure to hire the plaintiff for various IBM assignments, which the plaintiff ascribes to retaliation or discrimination

- <u>Most of the counts rely upon the same legal theories and causes of action</u>

Each complaint alleges failure to pay wages and retaliatory discharge, in violation of state and federal wage statutes. Each alleges a failure to hire the plaintiff because of retaliation and age, race, and national origin discrimination. Each alleges negligence and violations of the "public policy doctrine."

- <u>Both assert claims against Loughridge</u>

The claims in the Amended Complaint in the Middlesex Superior Court action are asserted against IBM, Artech, Palmisano, Loughridge, and Poddar (the latter three

---

meet its obligations as the plaintiff's alleged employer, are obviously transactionally related to the various employment-related causes of action asserted in the Middlesex Superior Court action.

were dismissed). The complaint in this case asserts claims against Artech, Palmisano, Loughridge, and Poddar and other individual defendants predicated solely on their status as corporate officers of the corporate defendants in the state court action.

The plaintiff already brought claims against Poddar arising from the plaintiff's alleged employment relationship with IBM. The plaintiff, disappointed by the Middlesex Superior Court's decision to dismiss the claims against Palmisano, Loughridge, and Poddar, has evidently filed this action to see whether he will fare any better in pursuing claims against the individual defendants by proceeding in this Court.

It would be wasteful and unfair to require the defendants and the courts to undergo the burden and inconvenience of two sets of parallel and redundant litigation. Moreover, allowing two parallel proceedings would risk inconsistent judgments, which must be avoided. Cf. In re Uranium Antitrust Litigation, 617 F.2d 1248, (7th Cir. 1980) (inconsistent judgments in context of joint liability, and inconsistent damages in the context of joint and severally liable tortfeasors, must be avoided). The proper forum for litigating the plaintiff's claims is the still-pending action in Middlesex Superior Court. Because the claims against Poddar constitute impermissible claim-splitting, these claims must be dismissed.[5]

2.  **Counts 1-2, 4-9, and 12-19 Fail to State Claims Against Poddar Upon Which Relief May Be Granted.**

> 1.  Counts 1-2, 4-9, and 12-19 fail to state claims against Poddar upon which relief may be granted because there is no allegation that Poddar engaged in any conduct bearing on these claims.

The plaintiff alleges no conduct whatsoever by Poddar and seeks to hold her liable through Massachusetts General Laws, Chapter 149, §§ 148 and 148B. Section 148 provides that

---

[5] The claims against all of the individual defendants are subject to dismissal on this basis.

"[t]he president and treasurer of a corporation ... shall be deemed to be the employers of the employees of the corporation within the meaning of *this section*." Chapter 149, § 148, para. 6 (emphasis supplied). Section 148B provides that "the treasurer of a corporation ... shall be liable for violations of *this section*." Chapter 149, § 148B(d) (emphasis supplied). These provisions do not constitute, as the plaintiff appears to believe, omnibus liability provisions rendering corporate officers liable for any and every employment-related claim that might be asserted against their corporation. Accordingly, because there are no allegations that Poddar engaged in any behavior relevant to this dispute, Counts 1-2, 4-9, and 12-19, and Massachusetts General Laws, Chapter 149, §§ 148 and 148B, do not provide any ground for holding her liable on these counts, they must be dismissed.

> 2. Counts 12 and 13 fail to state claims against Poddar upon which relief may be granted because there are no well-pleaded facts supporting the plaintiff's claim that he put in any overtime hours for IBM or Artech.

Counts 12 and 13, which allege failure to pay the plaintiff for overtime hours, must be dismissed for the additional reason that there are no well-pleaded facts plausibly suggesting that the plaintiff worked any overtime hours for Artech or IBM.

> 3. Counts 14-17 fail to state claims against Poddar upon which relief may be granted because Massachusetts General Laws, Chapter 62B, § 2B (Count 14), Massachusetts General Laws, Chapter 151A, § 14 (Count 15), Massachusetts General Laws, Chapter 152, § 25A (Count 16), and 26 United States Code, § 3102 do not establish or ground private causes of action upon which the plaintiff may recover.

Counts 14-17 fail to state claims against Loughridge upon which relief may be granted because Massachusetts General Laws, Chapter 62B, § 2B (Count 14), Massachusetts General Laws, Chapter 151A, § 14 (Count 15), Massachusetts General Laws, Chapter 152, § 25A (Count 16), and 26 United States Code, § 3102 do not establish or ground private causes of action upon which the plaintiff may recover. The laws referenced by the plaintiff in Counts 14-17 are

enforced by the state and federal governments and do not give rise to private causes of action. Accordingly, these claims fail as a matter of law and must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the defendant, Ranjini Poddar, respectfully asks this Court to dismiss all of the claims against her.

Respectfully submitted,

RANJINI PODDAR,

By her attorneys,

*/s/ Timothy M. Pomarole*
Philip M. Cronin, BBO #106060
pcronin@peabodyarnold.com
Timothy M. Pomarole, BBO #660827
tpomarole@peabodyarnold.com
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261

## CERTIFICATE OF SERVICE

I, Timothy M. Pomarole, hereby certify that on this 18th day of May, I served the foregoing aforementioned document by causing a copy thereof to be sent electronically to the registered participants in this case, as identified in the Notice of Electronic Filing (NEF).

I have also sent a copy via regular mail to the plaintiff, who is proceeding *pro se*, at:

Chuan Wang
2 Kitson Park Drive
Lexington, MA 02421

*/s/ Timothy M. Pomarole*
Timothy M. Pomarole